James P. Baker (State Bar No. 96302)
Emily L. Garcia (State Bar No. 267071)
**Baker & McKenzie LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone: +1 415 576 3000
Facsimile:  +1 415 576 3099
Email:
  james.baker@bakermckenzie.com
  emily.garcia-yow@bakermckenzie.com

Attorneys for Defendant
U.A. LOCAL 38 PENSION TRUST FUND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>CIVIC CENTER HOTEL, LLC; BALWANTSINH "BILL" THAKOR, an individual; and U.A. LOCAL 38 PENSION TRUST FUND,<br><br>          Defendants. | **Case No. 16-cv-06056-WHO**<br><br>**DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY**<br><br>**Date:**     February 8, 2017<br>**Time:**     2:00 P.M.<br>**Courtroom:** 2, 17th Floor |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 2

    A. The Ninth Circuit Does Not Permit Piecemeal Declaratory Relief Actions Concerning Insurance Coverage ............................................................................ 2

    B. Northfield's Claims Are Not Ripe .......................................................................... 4

        1. Northfield's Reimbursement Claim Must Be Dismissed ............................. 5

    C. The *Brillhart* Factors Weigh In Favor Of Dismissal ............................................. 6

        1. The State Court Lawsuits Are Parallel Actions ........................................... 6

        2. There Will Be A Needless Determination of State Law Issues ................... 7

        3. Northfield Has Engaged In Forum Shopping ............................................. 8

        4. There Is A Risk Of Duplicative Litigation .................................................. 9

        5. The Other Brillhart Factors Also Weigh In Favor or Dismissal ............... 10

            a. Northfield's Action Will Not Resolve All Coverage Disputes ...... 10

            b. There Are *Res Judicata* Concerns .................................................. 11

            c. Northfield's Claim Entangles Federal and State Courts ................ 11

            d. Northfield's Claim Of "No Inconvenience" Ignores The Plight In Which It Has Placed Its Insured .................................................. 11

    D. In The Alternative, A Stay Is Appropriate ........................................................... 12

    E. Even If There Is No Factual Overlap, A Stay Is Still Appropriate ...................... 13

III. CONCLUSION .................................................................................................................... 14

i

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aerojet-Gen. Corp. v. Transport Indemnity Co.*,
  17 Cal. 4th 38 (1997) ............................................................................................................6

*Am. Motorists Ins. Co. v. Superior Court*,
  80 Cal. Rptr.2d 621 (1998) ..........................................................................................6, 9, 11

*Am. Nat'l Fire Ins. Co. v. Hungerford*,
  53 F.3d 1012 (9th Cir. 1995) .................................................................................................7

*Am. States Ins. Co. v. Kearns*,
  15 F.3d 142 (9th Cir. 1994) ..............................................................................................2, 12

*Brillhart v. Excess Ins. Co. of America*,
  316 U.S. 491 (1942) ...................................................................................................6, 9, 10

*Buss v. Superior Court*,
  16 Cal.4th 35 (1997) ...........................................................................................2, 3, 5, 6

*Golden Eagle Ins. Co. v. Travelers Cos.*,
  103 F.3d 750 (9th Cir. 1996) .................................................................................................7

*Gov't Employees Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir. 1998) ......................................................................................7, 8, 10

*Gray v. Zurich Ins. Co.*,
  65 Cal.2d 263 (1966) ............................................................................................................4

*Great Am. Ins. Co. v. Superior Court*,
  178 Cal. App. 4th 221 (2009) ..............................................................................................13

*Hartford Cas. Ins. Co. v. JR Marketing LLC*,
  61 Cal.4th 988 (2015) .......................................................................................................1, 7

*Haskel, Inc. v. Superior Court*,
  33 Cal. App. 4th 963 (1995) ................................................................................................12

*Horace Mann Ins. Co. v. Barbara B.*,
  4 Cal. 4th 1076 (1993) ..........................................................................................................5

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*,
  312 U.S. 270 (1941) .......................................................................................................2, 12

*Montrose Chem. Corp. v. Superior Court*,
  25 Cal. App. 4th 902 (1994) ................................................................................................13

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

ii

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

*Moore v. State Farm Mut. Auto. Ins. Co.*,
   No. 12-00385 HG-KSC, 2012 U.S. Dist. LEXIS 178757 ................................................................8

*Polido v. State Farm Mut. Auto. Ins. Co.*,
   110 F.3d 1418 (9th Cir. 1997) ................................................................................................ 7, 9, 10

*Powerine Oil Co. v. Superior Court*,
   37 Cal. 4th 377 (2005) ...............................................................................................................7, 9

*Samsung Fire & Maine Ins. Co. v. AFR Apparel Int'l, Inc.*,
   No. 2:14-cv-9642, 2015 U.S. Dist. LEXIS 111190, 2015 WL 5005773................................12, 13

*Selby Realty Co.* v. *City of Buenaventura*,
   10 Cal. 3d 110 (1973) ....................................................................................................................3

*Sentry Ins. v. Provide Commerce, Inc.*,
   No. 14-cv-2868, 2016 U.S. Dist. LEXIS 42795, 2016 WL 1241553............................................12

*State Farm Fire & Cas. Co. v. Thomas*,
   756 F. Supp. 440 (N.D. Cal. 1991) ...........................................................................................2, 12

*Stonehouse Homes LLC v. City of Sierra Madre*,
   167 Cal. App. 4th 531 (2008) ........................................................................................................4

*Texas v. United States*,
   523 U.S. 296 (1998)........................................................................................................................5

*Thomas v. Anchorage Equal Rights Com'n*,
   220 F. 3d 1134 (9th Cir. 2000) .......................................................................................................5

*United Services Auto. Assn.* v. *Martin*,
   120 Cal. App. 3d 963 (1981) .........................................................................................................4

*Winter v. Gnaizda*,
   90 Cal. App. 3d 750 (1979) ...........................................................................................................3

**Statutes**

California Evidence Code § 1155 ........................................................................................................9

California Code of Civil Procedure § 1060 .........................................................................................3

28 U.S.C. § 2201 ..................................................................................................................................2

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

iii

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

## I.    **INTRODUCTION**

Northfield Insurance Company's ("Northfield") declaratory relief action is premised on a false factual assumption. It mistakenly asserts, "[m]any — indeed the vast majority — of the forms of relief the underlying plaintiffs seek from the defendants in the underlying *Galindo* and *Covino*[1] habitability actions are not covered under the Northfield Policies, as a matter of law." Dkt. #48, Opp., p. 6[2], ll. 3-5 (footnotes not in original). But, the *Galindo* and *Covino* "forms of relief" are both malleable and pending. No one knows what claims will be successfully adjudicated. For example, no one knows if the *Galindo* and *Covino* plaintiffs' claim for intentional infliction of emotional distress will be amended into a negligent infliction of emotional distress claim. While Northfield's Complaint alleges "intentional" acts are excluded from coverage under its Policy/Renewals,[3] its Opposition silently concedes that negligent infliction of emotional distress claims actions are covered. Equally puzzling is Northfield's assertion that this Court can decide this dispute now when Northfield admits some of the underlying claims are potentially covered. Because Northfield has admitted that certain claims are insured by the Northfield Policies [Compl. ¶ 1 (by saying "certain damages" are not covered, Northfield admits other damages in the Underlying Actions are insured)], Northfield has a duty to defend <u>all</u> of the claims in the Underlying Action, even those that it now views as excluded from coverage. *Hartford Cas. Ins. Co. v. JR Marketing LLC*, 61 Cal.4th 988, 992 (2015).

Northfield's assertion that a judicial declaration will somehow "assist the parties in resolving" the underlying claims is nonsensical. Dkt. # 48, Opp., p. 6, ll. 7-8. Northfield is not doing the U.A. Local 38 Pension Trust Fund ("Local 38") any favors. It is asking this Court to limit Northfield's economic exposure by adjudicating potential exclusions from coverage. It has even improperly asked this Court to order immediate reimbursement of attorneys' fees while the

---

[1] *Galindo, et al. v. Security Title Insurance Co., Civic Center Hotel,* in the Superior Court of California, County of San Francisco, Case No. CGC-14-540325 ("*Galindo*" or "*Galindo* Action"); and *Covino, et al v. Civic Center Hotel, et al.*, in the Superior Court of California, County of San Francisco, Case No. CGC-15-544372 ("*Covino*" or "*Covino* Action") (collectively, the "Civic Center Actions" or the "Underlying Actions" or the "State Court Lawsuits").
[2] All page citations shall refer to the ECF docket page number unless otherwise noted.
[3] Northfield's Policy/Renewals are set forth at paragraphs 10 through 12 of its Complaint. They will be referred to throughout as the "Policy/Renewals."

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

1

DEFENDANT U. A. LOCAL 38 PENSION TRUST FUND'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

Underlying Actions, which contain admittedly covered claims, are still pending. *Buss v. Superior Court*, 16 Cal.4th 35, 46 (1997). By doing so, it has forced its insured to fight the *Galindo* and *Covino* war on two fronts.

Local 38 should be permitted to conclude the *Galindo* and *Covino* State Court Lawsuits without the distraction of Northfield's premature declaratory relief action. Judicial efficiency would be substantially furthered by allowing the State Court in the *Galindo* and *Covino* actions to determine the underlying issues of liability and damages before an insurance coverage lawsuit proceeds. In fact, once the Underlying Actions are settled or adjudicated, Northfield's declaratory relief action may become moot.

## II.   ARGUMENT

### A.   The Ninth Circuit Does Not Permit Piecemeal Declaratory Relief Actions Concerning Insurance Coverage

Northfield's legal argument is based on another false premise that "'under California law, insurance companies have the right to determine their obligations to their insureds prior to a judgment against their insureds.' *State Farm Fire & Cas. Co. v. Thomas*, 756 F. Supp. 440, 442 (N.D. Cal. 1991)." Dkt. #48, Opp., p. 8, ll. 15-17. Yet, none of the cases Northfield relies upon sought piecemeal declaratory relief. None allowed an insurance company to exclude from coverage some claims but not others. For example, *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994), was a case where, "American States undertook Tahoe Boat's defense with a full reservation of rights, while bringing a diversity suit in federal court under the Declaratory Judgments Act, 28 U.S.C. § 2201, to establish whether it had a duty to defend or indemnify Tahoe Boat." In *State Farm Fire & Cas. Co. v. Thomas*, 756 F. Supp. at 442, the case involved a claim by State Farm that it had no duty to defend or indemnify the Thomases in a state court lawsuit. *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 271-72 (1941), again involved a claim where the insurer asserted it had no duty to defend or to indemnify the insured in a state court lawsuit.

Northfield admits its Policy/Renewals provide coverage for some of the claims. Compl. ¶ 1 (by saying "certain damages" are not covered, Northfield admits other damages in the Underlying Actions are insured); *see also* Dkt. # 23, Motion for Partial Summary Judgment, p. 7, ll. 14-16 ("A potential for coverage under certain Northfield Policies for some of the claims asserted in the Civic

2

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

Center Actions may exist, and thus Northfield is providing a defense to the Civic Center Defendants."). Northfield cannot pick which claims it will defend and which claims it will not defend. "It cannot parse the claims, dividing those that are at least potentially covered from those that are not." *Buss*, 16 Cal.4th at 39.

Northfield should have brought its declaratory relief action in state court. Section 1060 of the California Code of Civil Procedure sets forth in pertinent part that "[a]ny person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, *in cases of actual controversy relating to the legal right and duties of the respective parties*, bring an original action in the superior court or file a cross-complaint in a pending action in the superior, municipal or justice court for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract."[4] As the cases spell out the "actual controversy" referred to in the statute is one which "admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts. The judgment must decree, not suggest, what the parties may or may not do." *Selby Realty Co.* v. *City of Buenaventura*, 10 Cal. 3d 110, 117 (1973); *Winter v. Gnaizda*, 90 Cal. App. 3d 750 (1979).

No final determination of liability has been made in the *Galindo* or *Covino* Actions. Absent this finding, it is impossible to determine the liability of Local 38 or to determine if Northfield has insurance exposure. In the absence of an adjudication in the Underlying Actions, no present and actual controversy exists between the parties to this lawsuit. Any eventual declaration of rights and duties under these circumstances would constitute a mere advisory opinion based on hypothetical, rather than actual, presently existing facts. Northfield concedes that the relief it seeks is based on outdated information because its "summary judgment motion turns exclusively on the allegations contained in the underlying complaints and the terms of its insurance polices." Dkt. # 48, p. 18, ll. 18-21. Northfield cannot point to the pleadings in the Underlying Actions and claim victory

---

[4] Emphasis supplied throughout unless otherwise indicated.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

3

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

because the claims below are malleable. *Gray v. Zurich Ins. Co*., 65 Cal.2d 263, 276 (1966). Since declaratory relief is not available based on speculative and hypothetical contingencies, Northfield's request for declaratory relief should be rejected on this ground alone.

*United Services Auto. Assn.* v. *Martin*, 120 Cal. App. 3d 963 (1981), is illustrative. In *Martin,* plaintiff an automobile insurer sought a declaration against the insured and the third party claimants of the insured that it was relieved of its duty to defend and indemnify because the insured had failed to cooperate in defending the action. The trial court sustained a demurrer to the first amended complaint and dismissed the action for failure to state an actual and present controversy. The Court of Appeal affirmed by pointing out that the issue of prejudice to the defense of the tort action could not be established while that action was pending. Significantly enough, the court stated: "Logically, the required showing of prejudice cannot be made while the main tort action is still pending, its outcome uncertain, and therefore declaratory relief against the injured persons at this stage is inappropriate." *Id*. at p. 966. That same analysis applies here.

### B. Northfield's Claims Are Not Ripe

In *Stonehouse Homes LLC v. City of Sierra Madre*, 167 Cal. App. 4th 531, 540 (2008), the court explained:

> "The ripeness requirement ... prevents courts from issuing purely advisory opinions. [Citation.]  It is rooted in the fundamental concept that the proper role of the judiciary does not extend to the resolution of abstract differences of legal opinion...." (*Pacific Legal, supra,* 33 Cal.3d at p. 170; *see Coral Construction, Inc. v. City and County of San Francisco* (2004) 116 Cal.App. 4th 6, 25-26 [10 Cal. Rptr.3d 65].)
>
> [ ] To determine if a controversy is ripe, we employ a two-pronged test: (1) whether the dispute is sufficiently concrete that declaratory relief is appropriate; and (2) whether withholding judicial consideration will result in the parties suffering hardship. (*Pacific Legal, supra,* 33 Cal.3d at pp. 171-173; *Stewart, supra,* 126 Cal.App. 4th at p. 59.)  "Under the first prong, the courts will decline to adjudicate a dispute if 'the abstract posture of [the] proceeding makes it difficult to evaluate ... the issues' [citation], if the court is asked to speculate on the resolution of hypothetical situations [citation], or if the case presents a 'contrived inquiry' [citation].  Under the second prong, the courts will not intervene merely to settle a difference of opinion; there must be an imminent and significant hardship inherent in further delay. [Citation.]" (*Farm Sanctuary, Inc. v. Department of Food & Agriculture* (1998) 63 Cal.App. 4th 495, 502 [74 Cal. Rptr.2d 75]; see *Stewart, supra,* at p. 64.)…

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

4

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

*See also Thomas v. Anchorage Equal Rights Com'n*, 220 F. 3d 1134, 1138-39 (9th Cir. 2000) (federal law in accord).

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). Unless and until the Underlying Actions are resolved, this Court cannot determine whether and to what extent any resulting judgment falls outside Northfield's agreement to provide insurance coverage to Local 38. Some of the claims in the Underlying state court Actions may be withdrawn, amended, settled or dismissed. The two complaints have already each been amended once. *See* Dkt. # 24-1, Exs. D, E. Numerous plaintiffs have come and gone. Dkt. # 30, Ex. A (Order in the Underlying Action ruling that 28 plaintiffs who were HOT Team Clients were licensees not Tenants and granting summary judgment in Defendants' favor as to Issues Nos. 1-3). Northfield's declaratory relief claim is premised solely on two-year old claims set forth in complaints in what is not one, but two, evolving and changing lawsuits. *See* Dkt. # 48, p. 18, ll. 18-21. Any declaration by this Court about Northfield's indemnity obligations would be speculative. Simply put, Northfield's request for a declaratory judgment regarding the scope of its indemnity obligation is not actionable because it "rests upon contingent future events that may not occur." *Texas v. United States*, 523 U.S. at 300.

The California Supreme Court has stated, "It is by now a familiar principle that a liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity. As we said ..., 'the carrier must defend a suit which *potentially* seeks damages within the coverage of the policy.' Implicit in this rule is the principle that the duty to defend is broader than the duty to indemnify; an insurer may owe a duty to defend its insured in an action in which no damages ultimately are awarded." *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993).

**1.  Northfield's Reimbursement Claim Must Be Dismissed**

While it is true that Courts generally have authority to stay proceedings and control their dockets, nothing in the Federal Rules of Civil Procedure gives this Court authority to stay a claim that is not ripe. An insurer becomes entitled to reimbursement from its insured only after the insurer's duty to defend ends. *Buss v. Sup. Court*, 16 Cal. 4th at 59 n.23 (explaining that "nothing"

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

5

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

but a superseding contract between the insurer and insured "could change the insurer's duty to defend . . . into an obligation merely to pay defense costs only as to the claims that are at least potentially covered" because the duty to defend requires the insurer "to mount and fund a defense" and "to defend entirely . . . both the claims that are at least potentially covered and also those that are not:); *Aerojet-Gen. Corp. v. Transport Indemnity Co.*, 17 Cal. 4th 38, 60 (1997) (noting that an insurer that has a duty to defend "must incur reasonable and necessary costs" to defend the insured and do so "from as early as tender of the defense through as late as conclusion of the action"); *Am. Motorists Ins. Co. v. Superior Court*, 80 Cal. Rptr.2d 621, 627 (1998) ("[W]here . . . a trial court grants a motion for summary adjudication establishing the existence of a duty to defend and orders the immediate payment of defense costs, the [insurer] must pay as ordered and all issues concerning the [insurer's] right to reimbursement of all or some part of the fees and costs thus paid are deferred until such time as that issue is ripe.").

The duty to defend ends either when the underlying action "is concluded" or the insurer meets its burden to show that "no claim is potentially covered." *Buss*, 16 Cal. 4th at 46; *Aerojet*, 17 Cal. 4th at 61 (describing "the temporal limits of the insurer's duty to defend" as "between tender of the defense and conclusion of the action"). Here, Northfield cannot meet either condition. *See* Compl. ¶ 1; *see also* Dkt. # 23, p. 7, ll. 14-16. Because Northfield's reimbursement claim is premature and improper, it must be dismissed.

### C. The *Brillhart* Factors Weigh In Favor Of Dismissal[5]

#### 1. The State Court Lawsuits Are Parallel Actions

Northfield's argument that its declaratory relief action and the Underlying Actions are not parallel is premised on the misguided argument that it cannot be a party to the *Galindo* and *Covino* lawsuits. It claims Northfield cannot be joined because the jury is not allowed to see Local 38's insurance coverage.

But Northfield's Opposition silently concedes it could have brought this claim in state court. While the evidence of insurance cannot be disclosed to a jury, Northfield's argument conflates litigating insurance disputes before the same *court* with litigating insurance disputes before the same

---

[5] *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

6

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

*jury*. In California, insurance coverage issues are always issues for a court, and not for a jury to decide. *See Powerine Oil Co. v. Superior Court*, 37 Cal. 4th 377, 390 (2005). As the Ninth Circuit explained in *Polido v. State Farm Mut. Auto. Ins. Co.,* 110 F.3d 1418, 1423 (9th Cir. 1997),[6] "'We have previously held that differences in factual and legal issues between the state and federal court proceedings are not dispositive because the insurer 'could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action.'"

The Ninth Circuit's decisions in *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995) and *Golden Eagle Ins. Co. v. Travelers Cos*., 103 F.3d 750, 755 (9th Cir. 1996) provide a flexible approach to whether two actions are "parallel" such that the court should decline jurisdiction. In *Hungerford*, 53 F.3d at 1017, the court stated that "when an ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum for a petitioner to bring a related claim." Similarly, the court in *Golden Eagle Ins. Co*., 103 F.3d at 755 stated that "[i]t is enough that the state proceedings arise from the same factual circumstances." Northfield's declaratory relief action and the Underlying State Court lawsuits arise "from the same factual circumstances."

### 2. There Will Be A Needless Determination of State Law Issues

Northfield is asking this Court to issue an Advisory Opinion about potential insurance coverage exclusions. That request would require this Court to make factual determinations in the Underlying Actions. Again, under California law, Northfield cannot pick and choose which claims it wants to defend. *Hartford Casualty Ins.. Co. v. J.R. Marketing LLC*, 61 Cal.4th at 992. The *Galindo* and *Covino* actions constitute an ongoing parallel state proceeding regarding the precise state insurance law issues raised by Northfield's federal complaint. The present action concerns whether certain tenancy related damages at the Civic Center Hotel at issue in the *Galindo* and *Covino* State Court lawsuits fall within certain exclusions set forth in the Northfield Policy/Renewals.

---

[6] *Polido* was overruled by *Dizol* for the unrelated proposition that courts "are not obligated, sua sponte, to decide whether a district court abused its discretion in exercising discretionary jurisdiction when neither party has raised the issue." *Dizol*, 133 F.3d at 1227.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

For example, Northfield asks this court to issue a declaration that Northfield has no duty to provide Local 38 with coverage in the Underlying Action for claims alleging intentional acts. Compl., ¶¶ 36-38. The Court cannot make such a declaration without first determining whether the *Galindo* and *Covino* plaintiffs will prevail in the Underlying Action on the merits of each claim. Plaintiffs may yet amend their complaint to allege the insureds' acts were negligent. If this Court rules all intentional act claims are excluded, then Local 38 may be entangled in yet another insurance coverage dispute. Northfield does not claim negligent acts are excluded from coverage. Moreover, there is a good chance the cases below may be settled in whole, or in part. The trial court may rule in Local 38's favor making this entire declaratory relief action moot. The Parties have already agreed to mediate this case along with the underlying case, which they expect will occur within the next 180 days. Dkt. # 44, Attachment A, p. 3. A decision by this Court about the scope of coverage for a potential award of attorneys' fees in the Underlying Actions at this juncture would be speculative and a waste of this Court's time and resources.

### 3. Northfield Has Engaged In Forum Shopping

Northfield's declaratory relief action concerning potential insurance coverage issues is a classic example of forum shopping. As Local 38 explained in its opening brief, Northfield could have—and should have—filed its declaratory relief and reimbursement action in state court.

Northfield's claim that it did not file this lawsuit "defensively" is hard to fathom. It waited two years to file its declaratory relief action. Federal courts have a duty to discourage forum shopping and "should generally decline to entertain reactive declaratory actions." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Northfield sued Local 38 to limit its coverage under the Policy/Renewals. As such, this lawsuit is "reactive." "By instituting a declaratory judgment action as opposed to denying coverage and waiting for the insured to sue, the insurer's tactical advantage may allow it to forum shop for a court or a governing law that would be more favorable to it." *Moore v. State Farm Mut. Auto. Ins. Co.*, No. 12-00385 HG-KSC, 2012 U.S. Dist. LEXIS 178757, at *21 (D. Haw. Dec. 17, 2012) citing Allan D. Windt, Insurance Claims & Disputes § 8:3 (5th Ed. 2007). Northfield did just that. Instead of outright denying coverage to Local 38, Northfield reactively ran to federal court to ask for not only a declaration of non-coverage

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

8

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

as to certain claims, but to improperly ask for reimbursement in defending these claims before the underlying dispute was decided.

Northfield's Complaint asks for two things: (1) a declaration that the Northfield Policy/Renewals do not cover certain claims in the Underlying Actions [Dkt. # 1, p. 16-17, Prayer for Relief 1] and (2) reimbursement under the terms of the Policy/Renewals [*id.* at p. 17, Prayer for Relief 2]. Northfield knows that its first request, for declaratory relief, is not for a jury to decide. Whether an insurance policy provides coverage is a question of law, and thus is for the court to decide. *See Powerine Oil*, 37 Cal. 4th at 390. Northfield implicitly agrees because it argues later in its own brief "[a] jury trial on the coverage action is not necessary… " Dkt. # 48, p. 20, ll. 20-21. Northfield's second request—for reimbursement—is also not for a jury. *Am. Motorists Ins.*, 80 Cal. Rptr.2d at 627 (an insurer's claim for reimbursement of fees and costs for uncovered claims is an equitable question for the judge and not a damages question for the jury).

Nor can Northfield hide behind the principles underlying jurisdiction based on diversity of citizenship. This is not a situation where a fair trial cannot be obtained due to local prejudice in state court. The coverage issues here cannot be presented to a jury. While there are no presumptions in favor of abstention in declaratory actions involving insurance coverage cases, "[p]rinciples of federalism are 'particularly weighty' in insurance cases because 'states ha[ve] a free hand in regulating the dealings between insurers and their policy holders.'" *Polido,* 110 F.3d at 1423 citing *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 800 (9th Cir. 1995). The forum shopping factor weighs heavily in favor of declining federal court jurisdiction.

### 4. There Is A Risk Of Duplicative Litigation

Northfield's claim that California Evidence Code section 1155 "precludes the court in the pending *Galindo* and *Covino* actions from determining coverage in those actions" has no merit. As noted above, insurance coverage disputes are not jury questions. *Powerine Oil Co. v. Super. Ct.*, 37 Cal. 4th at 390; *Am. Motorists Ins.*, 80 Cal. Rptr.2d at 627. Taking Northfield's analysis to its logical conclusion, an insurer would always be automatically entitled to bring a declaratory relief claim in federal court whenever potential insurance coverage is in dispute. But, if that were the case, the *Brillhart* factors would be irrelevant.

9

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Northfield's summarily dismisses *Polido* as distinguishable because in that case there was factual overlap with the state court action. Northfield again misses the basic point. The Ninth Circuit held in *Polido* that "differences in factual and legal issues between the state and federal court proceedings are not dispositive because the insurer could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action." *Id.* (internal quotation marks omitted). The Ninth Circuit in *Polido* sets forth a general explanation of how to analyze the duplicative litigation factor: "the dispositive question is . . . whether there was a procedural vehicle available to the insurance company in state court to resolve the issues raised in the action in federal court." *See Polido,* 110 F.3d at 1423. Northfield could have avoided this dispute if it had simply filed a declaratory relief action in state court. This factor also weighs in favor of declining jurisdiction.

### 5. The Other *Brillhart* Factors Also Weigh In Favor of Dismissal

While not dispositive, additional factors may be considered by a court when determining whether to exercise jurisdiction over a declaratory action. *Dizol,* 133 F.3d at 1225, n.5. These factors weigh against the exercise of federal jurisdiction over this Complaint.

#### a. Northfield's Action Will Not Resolve All Coverage Disputes

Northfield's claim that its action will "resolve all of the parties' coverage disputes, settling all aspects of that controversy" is, at best, wishful thinking. Dkt. # 48, p. 15, ll. 11-12. The Complaint seeks declaratory relief only as to certain exclusions and only for certain time periods. By definition, piecemeal litigation over certain claims and over certain time periods cannot settle all aspects of the controversy. Claim Five is a generic "catch all" claim reserving Northfield's right to make additional claims. It encompasses undefined "terms, conditions, exclusions, and limitations of the Northfield policies other than those set forth above [in the Complaint]." Compl., ¶ 54. Northfield teed up Claim Five because it is undecided as to what additional exclusions it will advance. Accordingly, by its own admission Northfield's action will not be resolve all coverage disputes.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

10

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

### b. There Are *Res Judicata* Concerns

Northfield ignores the fact that this lawsuit seeks a determination on the merits of claims in the Underlying Actions. As we explain above, Northfield's coverage claims are inextricably intertwined with factual and legal issues in the Underlying Actions. If this Court rules that certain issues are excluded from coverage, and a later dispute arises about Northfield's duty to defend, then the *res judicata* doctrine may prevent Local 38 from pursuing a claim. Similarly, if this court rules on Northfield's coverage claims, including the "catch-all" Claim Five, and then Northfield refuses to cover additional claims, Local 38 may be prevented from pursuing those claims because the "catch-all" Claim Five may prevent Local 38 from obtaining relief.

### c. Northfield's Claim Entangles Federal and State Courts

This factor also weighs in favor of dismissal. If this Court excludes all claims for attorneys' fees from coverage, then this Court's decision may exclude attorneys' fees awarded as a component of damages from coverage. Once the Underlying Actions are decided in state court, there is no risk of federal and state court entanglement. Because Northfield admits it owes its insureds a defense, refusing to exercise jurisdiction over Northfields' claims poses no risk to Northfield.

### d. Northfield's Claim Of "No Inconvenience" Ignores The Plight In Which It Has Placed Its Insured

Northfield's attempt to characterize its self-serving actions as benevolent or helpful is mystifying. How is Northfield benefiting its insureds by forcing them to fight a war on two fronts? Northfield's beneficence even improperly asks for the reimbursement of defense costs while the Underlying Actions are still pending. *Am. Motorist Ins. Co. v. Superior Court*, 80 Cal. Rptr.2d at 628 (reimbursement challenge that fees and costs are unreasonable or unnecessary not appropriate until after resolution of underlying state court dispute). Northfield admits its insureds have coverage for some claims. Compl. ¶ 1. Its insureds have never demanded indemnity for uncovered claims. Instead of raising the issue of potential claims excluded from coverage with the insureds directly, Northfield filed suit. To make matters more complicated and more expensive for its own insureds, Northfield sued in an entirely different forum from the lawsuit Defendants were already fighting.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Now, Defendants are spending significant resources fighting over whether this claim is proper in this court, when they should be focusing on defeating the claims in the Underlying Actions.

### D.   In The Alternative, A Stay Is Appropriate

Northfield asserts no stay is warranted based on its incorrect assumption that there is no factual overlap between the federal and state court actions.  *See*, *e.g.*, Dkt. # 48, p. 18, ll. 18-21.  As explained above, there is factual overlap.  Moreover, the rule in California states:  "It is *only* where there is no potential conflict between the trial of the coverage dispute and the underlying action that an insurer can obtain an early trial date and resolution of its claim that coverage does not exist."  *Haskel, Inc. v. Superior Court*, 33 Cal. App. 4th 963, 979 (1995).

*Sentry Ins. v. Provide Commerce, Inc.*, No. 14-cv-2868, 2016 U.S. Dist. LEXIS 42795, 2016 WL 1241553 actually supports Local 38's position.  The *Sentry* court explained:

> A stay of a declaratory relief action until the third party suit is resolved may, therefore, be necessary if coverage turns on extrinsic facts to be litigated in the third party suit.  *Id*. at 301.  The classic example of this stay requirement is when a third party sues for negligence and the insurance company seeks to argue the third party was harmed by an intentional act of its insureds.

*Id.* at *11.  Both the *Galindo* and *Covino* plaintiffs have sued for "negligence."  Dkt. # 24-1, Ex. D, p. 340, at First Cause of Action (*Galindo*); *id.* at Ex. E, p. 362, at First Cause of Action (*Covino*).  Yet, Northfield asks this Court to separately rule that all "intentional acts" are excluded.

Unlike Northfield's Complaint, Sentry Insurance Company ("Sentry") sought to completely deny its duty to defend or to indemnify Provide Commerce Inc.  Northfield, admits its duty to defend, but asks this Court to make piecemeal rulings about its insurance coverage obligations.  Compl. ¶ 1. None of the cases Northfield relies upon sought declaratory relief where the insurance company only sought to exclude certain claims from coverage.  *See*, *supra*, Section II.A., distinguishing *Am. State Ins. Co. v. Kearns*, 15 F.3d 142; *State Farm Fire & Casualty Co. v. Thomas*, 756 F. Supp. 440; *Maryland Cas. Co. v. Pac. Coal & Oil Co*, 312 U.S. 270.

In *Samsung Fire & Maine Ins. Co. v. AFR Apparel Int'l, Inc.*, No. 2:14-cv-9642, 2015 U.S. Dist. LEXIS 111190, 2015 WL 5005773, is more of the same.  Like, Sentry, Samsung Fire ("Samsung") sought a declaration from the district court that it had no duty to defend or indemnify

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

12

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

its insured in an underlying lawsuit. Samsung argued that the actions alleged in the underlying lawsuit happened before the Samsung policy period began, and were therefore excluded from coverage. 2015 U.S. Dist. LEXIS 111190 at *10. The Court ruled that "'the coverage question is logically unrelated to the issues of consequence in the underlying case" because the "issue of coverage is independent from liability in the Underlying Action." *Id.* The Court explained that "there is no evidence to indicate that [plaintiff in the underlying action] intends to allege infringement activity that potentially would be covered within the Policy." *Id.* Here, the facts are apples to the oranges of the *Samsung* case. Unlike in *Samsung*, where there was no potential for coverage because the claimed acts occurred before the policy became effective, Northfield's Complaint concedes some claims are covered and admits it has an ongoing duty to defend.

### E. Even If There Is No Factual Overlap, A Stay Is Still Appropriate

The rule in California is a stay is discretionary, even if there is no factual overlap: "If there is no such factual overlap and the declaratory relief action can be resolved on legal issues or factual issues unrelated to the issues in the underlying action, the question as to whether to stay the declaratory relief action is a matter entrusted to the trial court's discretion." *Great Am. Ins. Co. v. Superior Court*, 178 Cal. App. 4th 221, 236 (2009). The Court must look at: (1) what issues are outstanding in the lawsuit, (2) which defenses to coverage are being raised, and what facts need to be determined to reach these defenses, and (3) any other potential prejudice to proceeding. *Montrose Chem. Corp. v. Superior Court*, 25 Cal. App. 4th 902, 908 (1994).

Here, as we explained above, factual and legal issues are inextricably intertwined. A stay is, therefore, appropriate. Even if that were not the case, the two other factors compel a stay of this case. First, at a minimum, the insureds have shown that certain aspects of this coverage dispute stem from unconscionable conduct. To determine whether unconscionable conduct occurred, discovery into the negotiation and execution of the insurance contract will be required. Doing so now is a waste of the insured's and the court's resources. The Underlying Actions may settle, the claims may change or the cases may be dismissed.

Local 38 has been prejudiced. It has expended resources to fight Northfield in this dispute, and has expended resources to fight plaintiffs' claims in the Underlying Actions. *Great Am. Ins.*

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

13
DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO

*Co. v. Superior Court*, 178 Cal. App. 4th 221, 236-37 (2009) ("'[A second] sort of prejudice occurs when the insured is compelled to fight a two-front war, doing battle with the plaintiffs in the third party litigation while at the same time devoting its money and its human resources to litigating coverage issues with its carriers.' [Citation Omitted.] This type of prejudice does not depend on the existence of factual overlap with the underlying action, and will, in fact, be an issue for the trial court to consider *every time* an insured seeks to stay a declaratory relief action while the underlying action is still pending."). Because Northfield concedes it owes a duty to defend Local 38 in the Underlying Actions, Local 38 is being forced to defend "potential" coverage issues that may well be mooted later. In contrast, Northfield will suffer no harm in the event of a stay. Because Northfield already owes Local 38 a duty to defend all claims, no harm will occur by staying this declaratory action until the merits of the Underlying Actions are resolved.

## III.  CONCLUSION

For the foregoing reasons, Local 38 respectfully requests that this Court dismiss Northfield's Complaint in its entirety or, in the alternative, stay Northfield's Complaint pending resolution of the underlying state court action.

Dated:  January 25, 2017                     Respectfully submitted,

                                             BAKER & MCKENZIE LLP


                                             By: /s/ James P. Baker
                                                   James P. Baker
                                             Attorneys for Defendant
                                             U.A. LOCAL 38 PENSION TRUST FUND

6775532\SFODMS

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

14

DEFENDANT U.A. LOCAL 38 PENSION TRUST FUND'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 16-cv-06056-WHO